**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

Eastern District of Kentucky
FILED
JUL 25 2024
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.   INDICTMENT NO. 7:24-cr-14-DCR

**CHRISTOPHER SPRINGFIELD**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 841(a)(1)**

On or about April 29, 2024, in Pike County, in the Eastern District of Kentucky,

**CHRISTOPHER SPRINGFIELD**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about May 17, 2024, in Pike County, in the Eastern District of Kentucky,

**CHRISTOPHER SPRINGFIELD**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about May 24, 2024, in Pike County, in the Eastern District of Kentucky,

**CHRISTOPHER SPRINGFIELD**

did knowingly and intentionally possess with intent to distribute controlled substances, including 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 28 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **CHRISTOPHER SPRINGFIELD** committed the offense charged in this count, **CHRISTOPHER SPRINGFIELD** had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 841(a)(1), possession with the intent to distribute 28 grams or more of cocaine base, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 4
## 18 U.S.C. § 922(g)(1)

On or about May 24, 2024, in Pike County, in the Eastern District of Kentucky,

**CHRISTOPHER SPRINGFIELD,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Hi-Point Firearms, 9mm Luger, model C9, semi-automatic handgun, with serial number P1769604, and the firearm

was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)(1)
### 28 U.S.C. § 2461

1. By virtue of the commission of the felony offense alleged in Counts 1, 2, and 3 of the Indictment, **CHRISTOPHER SPRINGFIELD** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **CHRISTOPHER SPRINGFIELD** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offense alleged in Count 4 of the Indictment, **CHRISTOPHER SPRINGFIELD** shall forfeit to the United States any and all firearms and associated ammunition and accessories involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. And any all interest that **CHRISTOPHER SPRINGFIELD** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
$18,537.00

**FIREARM AND AMMUNITION:**
Hi-Point Firearms, 9mm Luger, model C9, semi-automatic handgun, with serial number P1769604.

4. In any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with a third party; (C) has been placed beyond the jurisdiction of the Court; (D) has been substantially diminished in value; or € has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

_____
**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

## PENALTIES

### COUNTS 1-3:

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If responsible for 40 grams or more of a mixture of substance containing a detectable amount of fentanyl, 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine, 28 grams or more of a mixture of substance containing a detectable amount of fentanyl:** Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony Conviction:**
> Not less than 10 years nor more than life imprisonment. not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNT 4:

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.