**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

**CRIMINAL ACTION NO. 7:24-CR-14-DCR**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                                    **PLEA AGREEMENT**

**CHRISTOPHER SPRINGFIELD**                                    **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Three of the Indictment, which charges a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances, including 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 28 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts One, Two, and Four. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

1

2. The essential elements of Count Three are:

    (a) The Defendant knowingly and intentionally possessed controlled substances, including a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing cocaine base, a Schedule II controlled substance;

    (b) The Defendant had the intent to distribute those substances;

    (c) The offense involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 28 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance; and

    (d) At the time the Defendant committed the offense charged he had a final conviction for a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense as stated in the Indictment.

3. As to Count Three, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On or about July 20, 2011, the Defendant was sentenced to 92 months of incarceration for possession with the intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (United States District Court for the Southern District of West Virginia, Case Number 01:16-CR-375-BYP). Subsequent to this sentencing, the Defendant served more than 12 months in connection with this offense.

    (b) On April 29, 2024, law enforcement used a confidential informant to make a controlled purchase of over one gram of fentanyl from the Defendant at a residence in Pike County, Kentucky. On May 17, 2024, law enforcement used a confidential informant to make a controlled purchase over two grams of fentanyl from the Defendant at the same residence.

(c) On or about May 24, 2024, law enforcement executed a search warrant at the residence in Pike County. The Defendant had been staying at this residence and was present at the time of the search. During the search, law enforcement located and seized over 400 grams of methamphetamine, over 200 grams of fentanyl, and over 100 grams of cocaine base. The Defendant possessed these controlled substances and intended to distribute them. During the search, law enforcement also located $18,537 in United States currency and a firearm.

4. The statutory punishment for Count Three is not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years of supervised release. The Defendant has a prior serious drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to the above enhanced statutory punishment. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 1,000 kilograms and 3,000 kilograms of converted drug weight (methamphetamine mixture, fentanyl, and cocaine base) which corresponds to a base offense level of 30.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

3

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The

4



Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted.  The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders.  The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture.  The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

5



CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 10/16/24          By: _____

Andrew H. Trimble
Assistant United States Attorney

Date: 10/9/24          _____

Christopher Springfield
Defendant

Date: 10/9/24          _____

Richard Hughes
Attorney for Defendant