PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:16-CR-375 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHRISTOPHER SPRINGFIELD, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

On July 20, 2011, Defendant Christopher Springfield was sentenced by United States District Judge Thomas E. Johnston, United States District Court for the Southern District of West Virginia, to a 92-month term of imprisonment as to Count 1 of the Indictment for possession with intent to distribute 28 grams or more of cocaine base, followed by a five-year term of supervised release, with standard and special conditions of supervision imposed. Defendant was further ordered to pay a $100.00 special assessment as to Count 1 of the Indictment.

Following Defendant's term of incarceration, supervised release commenced on March 2, 2016. Transfer of Jurisdiction was accepted by this Court on December 8, 2016.

On April 4, 2017, the United States Probation Office ("USPO") submitted a Violation Report to notify the Court of Defendant's violation of the terms of his supervised release:

1. **Leaving the Judicial District without Permission** - On March 21, 2017, the offender was in Williamstown, West Virginia, without permission.

(1:16-CR-375)

The USPO recommended that the Court modify Defendant's conditions of supervised release to include the location monitoring program to assist in monitoring Defendant's whereabouts. On April 5, 2017, the Court ordered Defendant's participation in the Location Monitoring Program for a period of 90 days.

On April 25, 2017, the USPO submitted a Supervision Report to advise the Court of Defendant's non-compliance with the terms of his supervised release:

1. **Drug Use** - On 04/07/2017, the offender tested positive for marijuana and PCP. The urine sample was sent to Alere Toxicology Services, Inc. and was confirmed to be positive for marijuana and PCP on 04/12/2017. Additionally, on 04/12/2017, the offender tested positive for marijuana. The urine sample was sent to Alere Toxicology Services, Inc. and was confirmed to be positive for marijuana on 04/16/2017.

Defendant was referred for another substance abuse assessment with ORCA House and instructed to attend two individual counseling session per month. Random drug testing was increased to three tests per month. The USPO requested that the Court take no action.

On May 24, 2017, the USPO submitted a Supervision Report to advise the Court of Defendant's non-compliance with the terms of his supervised release:

1. **Drug Use** - On 04/27/2017, the offender tested positive for marijuana use on an instant drug screen. The urine sample was sent to Alere Toxicology Services, Inc. (Alere) and was confirmed to be positive for marijuana on 05/01/2017.

2. **Drug Use** - On 05/09/2017, the offender tested positive for Phencyclidine (PCP) use on an instant drug screen. The urine sample was sent to Alere and was confirmed to be positive for PCP on 05/16/2017.

Defendant began a 31-day residential substance abuse treatment with CATS on May 24, 2017. Upon discharge, he will be required to attend intensive outpatient treatment and continue

2

(1:16-CR-375)

to be monitored *via* random drug testing. Defendant will continue on the Location Monitoring Program for the remaining 56 days. The USPO recommended that the Court take no action.

On February 6, 2018, the USPO submitted a Violation Report to notify the Court of Defendant's violation of his conditions of supervised release:

1.  **Violation of Standard Condition #7 (Possession of Drug Paraphernalia):** On 1/10/2018, the offender was found to have in his possession 2 black digital scales during a home visit.

The USPO recommended that the Special Condition of Search and Seizure be added to Defendant's Supervised Release Conditions due to his history of substance abuse and the drug-related offenses herein. On February 6, 2018, the Court ordered the modification of Defendant's conditions of supervised release to include the Search and Seizure condition.

On October 15, 2018, the USPO issued a Supervision Report to advise the Court of Defendant's non-compliance with the terms of his supervised release:

1.  **Illicit Drug Use** On 9/18/2018, Mr. Springfield submitted to drug testing with positive results for marijuana.

The USPO advised that Defendant's recent positive drug test was the result of socializing with individuals who were using marijuana, which led him to making a poor decision. The USPO planned to increase the frequency of contact with Defendant with the primary focus on addressing associations, sobriety, and maintaining employment. The USPO recommended the Court take no action.

On November 8, 2018, the USPO submitted a Violation Report to notify the Court of Defendant's violation of the terms of his supervised release:

3

(1:16-CR-375)

1. **New Law Violation – Domestic Violence** Mr. Springfield was arrested on November 8, 2018, for a warrant that stemmed from an allegation of Domestic Violence that occurred on November 6, 2018. The matter involved Mr. Springfield and his brother (Craig Alford). To date, Mr. Springfield is being detained in the Cuyahoga County Jail.

2. **New Law Violation – Operating a Vehicle Under the Influence:** On October 28, 2018, Mr. Springfield was cited for Driving While Under the Influence, Driving in Marked lanes, and Violating the Seatbelt law. The case is currently scheduled for Pretrial in the Cleveland Municipal Court (2018TRC031572) on November 13, 2018, at 09:00am.

On November 8, 2018, the Court ordered the issuance of a warrant.

On December 10, 2018, the USPO issued a Violation Report to update the Court on

Defendant's supervised release violations:

1. **Law Violation:** On 10/28/2018, Mr. Springfield was cited for Driving While Under the Influence, Driving in Marked Lanes, and Violating the Seatbelt Law. The case is pending in the Cleveland Municipal Court (2018TRC031572).

2. **Drug Use:** On 10/31/2018, Mr. Springfield submitted to drug testing providing positive results or Marijuana. The results were confirmed by Alere Laboratories on 11/04/2018.

3. **Making False Statements to an Officer:** According to the Standard Conditions of Supervision, Mr. Springfield is required to answer his probation officer truthfully when questioned. As noted above, Mr. Springfield was cited for Driving While Under the Influence, Driving in Marked Lanes, and Violating the Seatbelt Law. However, when this officer initially asked about the nature of his contact with law enforcement, he reported that he was cited for speeding. Further investigation into the nature of his contact with law enforcement revealed the true cause of his contact with law enforcement.

4. **Law Violation: Felonious Assault** Mr. Springfield is charged with two counts of Felonious Assault (F2) in Cuyahoga County Common Pleas Court in case CR-18-634475-A, for an offense in which Mr. Springfield assaulted the victims with a metal pole on November 8, 2018, at 1117 hours inside of Constantino's

4

(1:16-CR-375)

        Market.  The case is scheduled for a Pretrial Conference before Judge Michael J. Russo on January 3, 2019, at 09:30am.

On January 7, 2019, the Court referred the matter to Magistrate Judge George J. Limbert for proceedings and a Report and Recommendation.

On January 24, 2019, the USPO submitted a Supplemental Information Report to update the Court on the status of Defendant's violations.

At the initial appearance conducted before Magistrate Judge Limbert on January 20, 2019, Defendant denied the violations.

On February 6, 2019, the USPO issued a Supplemental Report to update the Court on Defendant's new law violations in the Cuyahoga County Common Pleas Court.

On February 11, 2019, Magistrate Judge Limbert held a preliminary examination and revocation hearing, at which time Defendant admitted Violation Numbers 1, 2 and 4 and the Government moved to dismiss Violation Number 3.  Magistrate Judge Limbert issued a Report and Recommendation on February 11, 2019, finding that Defendant violated the terms of his supervised release, and recommending that this Court adopt the finding.

On March 5, 2019, the USPO issued a Supplemental Information Report to update the Court on the status of Defendant's new law violation in Cuyahoga County Common Pleas Court.

At the Final Hearing and Sentencing conducted on March 27, 2019, this Court adopted Magistrate Judge Limbert's Report and Recommendation, and found that Defendant violated the terms of his supervised release.  The Court proceeded to pronounce sentence after allocution.

5

(1:16-CR-375)

## Sentencing

Among other things, the Court has considered the statutory maximum sentence pursuant to 18 U.S.C. § 3583(e)(3); the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines; and the suggested range of incarceration pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors and conditions for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d), respectively.

Based upon the Court's review and for the reasons set forth on the record, the Court pronounces sentence as follows. Defendant's term of supervised release is revoked, and Defendant is sentenced to the custody of the Bureau of Prisons for a term of 27 months, such term to be served consecutively to Defendant's state sentence. No term of supervised release shall follow Defendant's release from custody.

    IT IS SO ORDERED.

| | |
|---|---|
|   March 28, 2019   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |