UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

CHRISTOPHER SPRINGFIELD,

    Defendant/Movant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 7:24-CR-14-DCR-HAI

ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Based on a written plea agreement (D.E. 15), federal prisoner Christopher Springfield was sentenced to 172 months' imprisonment by Judgment issued February 27, 2025 (D.E. 40). Springfield appealed, and the Court of Appeals affirmed his sentence in February 2026.  D.E. 66.

On May 11, 2026, the Court received Springfield's *pro se* motion seeking relief under 28 U.S.C. § 2255, dated May 1.  D.E. 68.  As it stands, the § 2255 petition appears timely and in the correct form.  The motion alleges ineffective assistance of trial and appellate counsel.  Having conducted an initial review under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **HEREBY ORDERS** as follows:

(1)    On or before **June 22, 2026,** the government **SHALL** file a response to the motion to vacate that addresses all substantive and procedural issues.

(2)    When a § 2255 petitioner asserts claims of ineffective assistance of counsel, the government typically then seeks an affidavit from the defense attorney.  Case law suggests that asserting ineffective-assistance claims constitutes a waiver of the

attorney-client privilege in respect to those claims.[1]  Thus, on or **before May 26, 2026**, Springfield is **DIRECTED to SHOW CAUSE** why his petition does not constitute a waiver of the attorney-client privilege regarding all claims of ineffective assistance of counsel concerning his motion and memorandum filed under 28 U.S.C. § 2255.  The Court will interpret any lack of response as a concession that the privilege has been waived as to these issues.

(3)     All pleadings **SHALL** be submitted to the Clerk of Court.  Each party shall be required to include with any filing the required certificate of service, indicating that a copy of any such document has been served upon the opposing party or counsel, if represented by counsel.  Any document received by the Clerk of Court that fails to include the required certificate of service shall not be filed and shall be returned to the party or counsel submitting such document.

This the 12th day of May, 2026.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**

---

[1] *See United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009), *cert. denied*, 559 U.S. 955 (2010); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); and *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

2