UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff/Respondent,       )
                                    )          No. 7:24-CR-14-DCR-HAI
v.                                  )
                                    )          ORDER
CHRISTOPHER SPRINGFIELD,            )
                                    )
        Defendant/Movant.           )
                                    )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal Prisoner Christopher Springfield has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. D.E. 68. Because Springfield raised claims of ineffective assistance of counsel, the Court ordered him to lodge any objections to the waiver of attorney-client privilege by May 26, 2026. D.E. 69. Springfield has filed a response, indicating no objection to the privilege waiver so long as it is appropriately narrowly construed. D.E. 70.

A habeas petitioner "implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation." *Mason v. Mitchell*, 293 F. Supp. 2d 819, 823 (N.D. Ohio 2003) (citing *Hunt v. Blackburn*, 128 U.S. 464 (1888)). Nevertheless, "[i]mplied waivers are consistently construed narrowly;" that is, "'no broader than needed to ensure the fairness of the proceedings before it.'" *In re Lott*, 424 F. 3d 446, 453 (6th Cir. 2005) (quoting *Bittaker v. Woodford*, 331 F. 3d 715, 720 (9th Cir. 2003)).

In light of the narrow issues raised in Springfield's § 2255 motion, the Court **FINDS** that a waiver of the attorney-client privilege has occurred. Accordingly, the attorney-client privilege

is waived only with respect to the issues raised in Springfield's § 2255 motion. **IT IS HEREBY**

**ORDERED THAT** Springfield's former attorneys may discuss with the government matters that

relate only to the specific claims of ineffective assistance of counsel asserted by Springfield.

Beyond those claims, however, the Court does not construe Springfield's § 2255 motion as

waiving attorney-client privilege.

This the 1st day of June, 2026.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**

2